# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case ID Nos.: 1709017391 |
| | ) | 1709011924 |
| | ) | |
| LUIS CHARRIEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: October 13, 2020
Decided: January 14, 2021

*Upon Consideration of the Commissioner's Report and Recommendation that Defendant's Motion for Postconviction Relief Should be Denied,*

**ADOPTED**.

Domenic A. Carrera, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State*.

Luis Charriez, Howard R. Young Correctional Institution, Wilmington, Delaware. *Pro se*.

**MEDINILLA, J.**

**AND NOW TO WIT**, this 14th day of January, 2021, upon consideration of Defendant Luis Charriez's (Defendant) Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears to the Court that:

1. On September 26, 2017, Defendant was arrested for a spree of home burglaries where everything of value was taken, including the copper piping within the walls of the targeted homes. Defendant gave a full confession after receiving his *Miranda* rights.

2. The confession coupled with the State's overwhelming evidence led to the extension of a pre-indictment plea offer. On April 10, 2018, Defendant accepted the offer and pled guilty to one count of Burglary Second Degree and three counts of Burglary Third Degree.[1] On June 26, 2018, the State filed a motion to declare Defendant a habitual offender and the Court granted the same.[2] Defendant was sentenced to an aggregate of eight years of Level V on the Burglary Second habitual offender charge.[3]

---

[1] *See* Case Review Plea Hearing, *State of Delaware v. Luis Charriez*, Crim. I.D. No. 1709017391, D.I. 3 (Del. Super. Ct. Apr. 10, 2018); Case Review Plea Hearing, *State of Delaware v. Luis Charriez*, Crim I.D. No. 1709011924, D.I. 3 (Del. Super. Ct. Apr. 10, 2018).

[2] *See* Motion to Declare Defendant an Habitual Offender, *State of Delaware v. Luis Charriez*, Crim. I.D. No. 1709017391, D.I. 4 (Del. Super. Ct. June 26, 2018); Motion to Declare Defendant an Habitual Offender, *State of Delaware v. Luis Charriez*, Crim I.D. No. 1709011924, D.I. 5 (Del. Super. Ct. June 26, 2018).

[3] *See* Sentencing Order, *State of Delaware v. Luis Charriez*, Crim. I.D. No. 1709017391, D.I. 6 (Del. Super. Ct. Aug. 3, 2018); Sentencing Order, *State of Delaware v. Luis Charriez*, Crim I.D. No. 1709011924, D.I. 10 (Del. Super. Ct. Aug. 3, 2018).

3. On August 2, 2019, Defendant filed a *Pro se* Motion for Postconviction Relief under Superior Court Criminal Rule 61 asserting claims for ineffective assistance of counsel.[4] On January 17, 2020, Defendant's attorney filed an Affidavit denying Defendant's claims.[5] On February 21, 2020, the State filed its Response in Opposition.[6]

4. This Court referred Defendant's motion to Superior Court Commissioner Janine M. Salomone for proposed findings of fact and conclusions of law pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62(a)(5).[7] On September 30, 2020, the Commissioner issued a Report, recommending that this Court deny Defendant's Motion for Postconviction Relief.[8]

5. After the Commissioner issues a report, "any party may serve and file written objections" to the report within ten days.[9] A party failing to comply with this ten-day limit for appeal may foreclose that party's ability to object to the

---

[4] Motion for Postconviction Relief, *State of Delaware v. Luis Charriez*, Crim. I.D. No. 1709017391, D.I. 9 (Del. Super. Ct. Aug. 2, 2018); Motion for Postconviction Relief, *State of Delaware v. Luis Charriez*, Crim I.D. No. 1709011924, D.I. 9 (Del. Super. Ct. Aug. 2, 2018).

[5] Trial Counsel's Response to Defendant's Motion for Postconvcition Relief, *State of Delaware v. Luis Charriez*, Crim. I.D. No. 1709017391, D.I. 14 (Del. Super. Ct. Jan. 1, 2020).

[6] State's Response to Defendant's Motion for Postconviction Relief, *State of Delaware v. Luis Charriez*, Crim. I.D. No. 1709017391, D.I. 16 (Del. Super. Ct. Feb. 21, 2020).

[7] *See* 10 *Del. C.* § 512(b)(1)(b); DEL. SUPER. CT. CRIM. R. 62(a)(5) (Under Delaware Superior Court Rule 62(a)(5), the Court may refer to a Superior Court Commissioner case-dispositive motions, including postconviction relief motions, and the Commissioner must submit "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter.").

[8] Commissioner's Report and Recommendation that Defendant's Motion for Postconviction Relief Should be Denied, *State of Delaware v. Luis Charriez*, Crim. I.D. No. 1709017391, D.I. 17 (Del. Super. Ct. Sept. 30, 2020).

[9] DEL. SUPER. CT. CRIM. R. 62(a)(5)(ii).

Commissioner's report.[10]  Defendant did not appeal the Commissioner's Report. Accordingly, the Court "may accept, reject or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[11]

6.      The Court **ADOPTS** *in toto* the findings of fact and recommendations in the Commissioner's Report.  As such Defendant's Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED**.

/s/Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
        Department of Justice

---

[10] *Id.* 62(b).
[11] *Id.* 62(a)(5)(ii).